UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| THE OFFSHORE DRILLIING COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-06-414 |
| | § | |
| GULF COPPER & MANUFACTURING | § | |
| CORPORATION, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON ATTORNEYS' AND EXPERT FEES

I.

Before the Court are the defendant Gulf Copper & Manufacturing Corporation's (GCMC), Amended Application for attorneys' fees and costs of court (Doc. No. 133), the plaintiff, The Offshore Drilling Company's (TODCO) opposition (Doc. No. 138), and GCMC's reply (Doc. No. 139). The Court has reviewed the documents on file and the mandate from the Fifth Circuit Court of Appeals and determines that GCMC's motion should be granted.

II.

The factual background is not in dispute. On or about May 14, 2006, while undergoing various repairs to TODCO's vessel, the MODU THE 256, a fire occurred resulting in losses to TODCO. In turn, TODCO sued GCMC on claims of bailment, negligence and breach of contract. GCMC sought and secured a summary judgment against TODCO. As well, GCMC sought by counterclaim a declaration that TODCO was obligated to indemnify it against all damages that arose out of the incident. The Court granted GCMC's motion and TODCO appealed. The Fifth Circuit Court of Appeals affirmed the Court's grant of summary on behalf

of GCMC, reversed the Court's denial of attorneys' fees and costs and remanded the case with instructions.

The issue before the Court, pursuant to GCMC's amended application to recover attorneys' fees and costs, is not whether they are to be awarded, but the amount .  GCMC seeks $990,391.44, consisting of $544,684.05 in attorneys' fees and expenses and $445,707.39 in expert witness fees and expenses.

### III.

TODCO takes issue with GCMC's Amended Application and argues against awards on the following bases:

    (a)    fees and expenses associated with GCMC's indemnity counterclaim should be denied;

    (b)    the fee includes hours not reasonably expended and not sufficiently documented; and

    (c)    the expert witness fees and expenses include hours not reasonably expended or sufficiently documented.

As well, TODCO argues that the expert fees and expenses were jointly incurred and paid by GCMC and co-defendant Mechanical Contracting Services, Incorporated.  TODCO argues that while GCMC is entitled to an attorneys' fee and costs associated with "the costs of its defense," it is not entitled to recover fees and costs associated with its indemnity claim.  This argument was addressed by the Fifth Circuit.  *See*, *The Offshore Drilling Co. v. Gulf Copper & Mfg. Corp.*, 604 F3d 221 (5th Cir. 2010).

### IV.

The Court perceives the core issue and objection raised by TODCO to center on whether GCMC may recover on its claim for indemnity.  Irrespective of this Court's opinion, the issue has been addressed and resolved by the Fifth Circuit.  There the Court stated, "Because Gulf

Copper's indemnity claim arose under the contract, it is entitled to the costs of its defense under this provision." *Id*. at 227-28.  It is this Court's view, in light of this ruling, that GCMC is entitled to recover all of its costs associated with its defense and claim for indemnity because they arose out of TODCO's claims under the Vessel Repair Contract.  On this determination, TODCO's claim that GCMC should not recover on its indemnity counterclaim fails.  Correspondingly, TODCO's argument that GCMC failed to segregate or separate its fees between its defense and its counterclaim fails.  GCMC's claim for indemnity was an inseparable part of its defense of TODCO's claims.

Next, TODCO argues that GCMC's fee demand is excessive.  In this regard, TODCO simply argues that 2,898 hours of attorneys' fee time is excessive.  While TODCO argues excessiveness, it never applies the Lodestar analysis to GCMC's fee demand.  Instead, it argues that GCMC expended 1,061.7 hours above that expended by TODCO and there is "no explanation for why Gulf Copper's counsel expended this excessive amount of hours."  Hence, TODCO sets itself as the standard.  The court rejects this standard, finding that the time expended by GCMC is well documented in the record.  TODCO does not argue that the hours claimed are duplicative.  And, its argument that the hours claimed are inadequately documented arises from its argument that GCMC failed to segregate its hours—defense time separate from indemnity. [The Court addressed this argument earlier].  Therefore, TODCO has failed to point out the nature or extent of its claim that GCMC fee claim is excessive.

The Court finds that under the Lodestar method set out in *Johnson v. Georgia Highway Express*, 488 F2d 714 (5th Cir. 1974), GCMC's fee and expense request are reasonable.  TODCO has not challenged the hourly rate charged by GCMC.  Hence, the Court finds that an hourly rate of an average of $200 per hour for this complex litigation is reasonable and well within, if not

below, the fee customarily charged in this locality. And, in light of the opposition, the difficulty of the questions involved and the skill required, experienced attorneys with the ability to meet the challenge and perform the service were necessary. Therefore, the Court is of the opinion that the sum of $546,818.50 is a reasonable attorneys' fee.

Finally, TODCO asserts that GCMC's claim for expert witness fees is excessive and should be reduced. Again here, TODCO misses the mark. The award of expert fees is not determined by statute. TODCO argues that the fees are excessive and insufficiently documented. It argues, by comparison, that TODCO incurred $84,171.39 in expert witness fees. Therefore, TODCO argues, because it performed the same investigations and research as GCMC, the amount of expense incurred by GCMC is excessive.

The truth is that TODCO had the benefit of GCMC's expenditures for expert fees and, during the course of litigation, did not voice a concern for the expenditures. Finally, in relation to the significant scientific expertise required and the time and expense involved in defending the claim(s), the Court is of the opinion and finds that expert fees and expenses in the amount of $444,496.21 are reasonable.

It is therefore, ORDERED that GCMC shall recover an attorneys' fee, expert witness fees and costs in the amount of $991,314.71.

SIGNED at Houston, Texas this 27th day of July, 2010.

_____
Kenneth M. Hoyt
United States District Judge